UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
FILED

FEB 2 3 2000

Michael N. Milby, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| *versus* | § § § | Civil Action C-00-79 |
| Jimmy A. Padia | § | |

# Complaint

1. *Jurisdiction.* The district court has jurisdiction because the United States is a party. *See* U.S. Const. art. III, Section 2, and 28 U.S.C. § 1345.

2. *Venue.* Defendant is a resident of Nueces County, Texas, and may be served with process at 1438 Trojan, Corpus Christi, TX 78416 or c/o Western Steel, 105 Villa Dr., Corpus Christi, Texas.

3. *The Debts.* The defendant owes two debts to the United States:

Debt I:

| | | |
|---|---|---|
| a. | Current Principal as of May 20, 1999:: | $5,632.92 |
| b. | Current interest | $3,503.16 |
| c. | Administrative, fees, costs, penalties | $0.00 |
| d. | Balance due as of May 20, 1999 | $9,136.08 |
| e. | Prejudgment interest accrues at 8.41% per annum, being $1.30 per day. | |
| f. | The current balance of Debt I is after credits of | $0.00 |

The certificate of indebtedness, attached as Exhibit A, shows the total owed excluding attorney's fees and central intake facility charges. On the date of the certificate the principal and interest shown were correct after credits having been applied.

Debt II:

  g. Current Principal as of May 20, 1999: $5,205.46

1

C99-12448 U.S. Dept of Education

| | | |
|---|---|---|
| h. | Current interest | $3,217.23 |
| i. | Administrative, fees, costs, penalties | $0.00 |
| j. | Balance due as of May 20, 1999 | $8,422.69 |
| k. | Prejudgment interest accrues at 9.13% per annum, being $1.30 per day. | |
| l. | The current balance of Debt II is after credits of | $0.00 |

The certificate of indebtedness, attached as Exhibit B, shows the total owed excluding attorney's fees and central intake facility charges. On the date of the certificate the principal and interest shown were correct after credits having been applied.

4.  *Attorney's fees.* The United States seeks attorney's fees of $5,000.00.

5.  *Failure to Pay.* Demand has been made on the defendant to pay the indebtedness, and the defendant has failed to pay it.

6.  *Prayer.* The United States prays for judgment for:

   A.  The sums in paragraph 3 plus prejudgment interest through the date of judgment, administrative costs, and post-judgment interest.

   B.  Attorney's fees; and

   C.  Other relief the court deems proper.

                                              Respectfully submitted

                                              BENNETT & WESTON, P.C.

By _____
J. Michael Weston
Texas Bar No. 21232100
SD Tex. No. 21538
Attorney in Charge
Charles I. Appler
Texas Bar No. 00788995
SD Tex. No. 23055
10670 N. Central Expressway, Suite 200
Dallas, Texas 75231
Telephone: (214) 691-1776

FAX: (214) 373-6810
Attorneys for the United States of America

3

C99-12448 U.S. Dept of Education

# U. S. DEPARTMENT OF EDUCATION
# SAN FRANCISCO, CALIFORNIA

## CERTIFICATE OF INDEBTEDNESS

Jimmy A. Padia
N/A
1438 Trojan
Corpus Christi, TX   78416

SSN: 450 39 4091

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 05-20-99.

On or about 08-17-89 & 11-17-89, the borrower executed promissory note(s) to secure loan(s) of $2,625.00 & $2,625.00 from Bankers at 8.41% percent interest per annum. This loan obligation was guaranteed by Texas Guaranteed Student Loan Corporation and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 CFR. Part 682). The holder demanded payment according to the terms of the note(s), and credited $0.00 to the outstanding principal owed on the loan(s). The borrower defaulted on the obligation on 12-28-90 & 09-08-90, and the holder filed a claim on the guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $5,632.92 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. The guarantor attempted to collect the debt from the borrower. The guarantor was unable to collect the full amount due, and on 07-30-98, assigned its right and title to the loan(s) to the Department.

Since assignment of the loan, the Department has received a total of $0.00 in payments from all sources, including Treasury Department offsets, if any. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $5,632.92 |
| Interest: | $3,503.16 |
| Administrative/Collection Costs: | $     0.00 |
| Late fees: | $     0.00 |
| Total debt as of 05-20-99: | $9,136.08 |

Interest accrues on the principal shown here at the rate of $1.30 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 6/15/99

Name: _____
Title:   Loan Analyst
Branch: Litigation Branch

EXHIBIT A

# U.S. DEPARTMENT OF EDUCATION
# SAN FRANCISCO, CALIFORNIA

## CERTIFICATE OF INDEBTEDNESS

Jimmy A. Padia
N/A
1438 Trojan
Corpus Christi, TX   78416

SSN: 450 39 4091

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 05-20-99.

On or about 11-17-89 & 08-17-89, the borrower executed promissory note(s) to secure loan(s) of $2,083.00 & $ 2,070.00 from Bankers at 9.13% percent interest per annum.  This loan obligation was guaranteed by Texas Guaranteed Student Loan Corporation and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 CFR. Part 682).  The holder demanded payment according to the terms of the note(s), and credited $0.00 to the outstanding principal owed on the loan(s). The borrower defaulted on the obligation on 12-28-90, and the holder filed a claim on the guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $5,205.46 to the holder.  The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement.  The guarantor attempted to collect the debt from the borrower.  The guarantor was unable to collect the full amount due, and on 07-30-98, assigned its right and title to the loan(s) to the Department.

Since assignment of the loan, the Department has received a total of $0.00 in payments from all sources, including Treasury Department offsets, if any.  After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $5,205.46 |
| Interest: | $3,217.23 |
| Administrative/Collection Costs: | $     0.00 |
| Late fees: | $     0.00 |
| Total debt as of 05-20-99: | $8,422.69 |

Interest accrues on the principal shown here at the rate of $1.30 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 6/15/99

Name: _____
Title:     Loan Analyst
Branch:   Litigation Branch

EXHIBIT B